*Formatted for Electronic Distribution*                          *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

    **Heidi Woodruff**
        **Debtor.**

**Daniel Chicoine,**
        **Plaintiff,**
    **v.**
**Heidi Woodruff,**
        **Defendant.**

Filed & Entered
On Docket
September 10, 2012

**Chapter 7 Case**
**# 11-10639**

**Adversary Proceeding**
**# 11-1031**

*Appearances:  Kathleen Walls, Esq.*
*Middlebury, Vermont*
*For the Defendant*

## MEMORANDUM OF DECISION
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING CAUSES OF ACTION

Before the Court is the Defendant's unopposed motion for summary judgment on the Plaintiff's causes of action seeking to except certain debts from the Defendant's discharge that the Plaintiff alleges were incurred in the context of the parties' divorce.  For the reasons set forth below, the Court finds summary judgment is proper and the Defendant is entitled to judgment as a matter of law.

### JURISDICTION

This Court has jurisdiction over this adversary proceeding and the instant motions pursuant to 28 U.S.C. §§ 157 and 1334 and declares it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and has authority to enter a final order on the merits of the issue before it.

### PROCEDURAL HISTORY

On October 7, 2011, Daniel Chicoine (the "Plaintiff") filed a complaint seeking an order finding the Debtor's obligations to the Plaintiff to be non-dischargeable under § 523(a)(4), (5), (6), and (15) (doc. # 1).  On November 3, 2011, the Defendant filed a pro se motion to dismiss the adversary proceeding on the basis that the Plaintiff did not file the complaint by the 60th day after the first date set for the meeting of creditors, as required by Federal Rule of Bankruptcy Procedure 4007(c) (doc. # 4).  On December 6, 2011, the Court entered an Order finding that the relief Plaintiff sought under § 523(a)(4) and (6) was time-barred, and therefore granted the Plaintiff's motion in part, dismissing those two causes of action. See Fed. R. Bankr. P. 4007(c); see also 11 U.S.C. § 523(c).  In that Order, the Court also found that the

Plaintiff was not time-barred from pursuing the §§ 523(a)(5) and (a)(15) causes of action, and therefore denied the Defendant's motion to dismiss claims to except from discharge the debts alleged to have arisen in the parties' divorce.

On March 23, 2012, the Plaintiff filed an application for entry of default (doc. # 7) based upon the Defendant's failure to file an answer to the §§ 523(a)(5) and (a)(15) causes of action. Attorney Kathleen Walls appeared on behalf of the Defendant at the April 17th hearing on that application, indicated she had just been retained, and made an oral motion for leave to file a late answer to the remaining claims. The Plaintiff objected to this motion, indicating that he had no notice of this motion and he needed time both to respond to the motion and to determine if he would seek relief from stay or request abstention rather than move forward with this adversary proceeding. The Court entered a scheduling order (doc # 14) requiring that, if the parties wished to pursue the relief they described at the hearing, then by May 1st, the Defendant was to file a motion seeking leave to file an answer, the Plaintiff was to seek either relief from stay or abstention, and the Plaintiff was to file a procedurally sufficient motion for entry of default. The Court continued the hearing on the Plaintiff's application for entry of default until May 15, 2012. The parties stipulated to continue the hearing to June 19, 2012 (doc. # 17). By the May 1st deadline, the Defendant filed a motion for leave to file a late answer, an objection to entry of default, and attachments (doc. ## 12, 13) that included a copy of the Defendant's *pro se* answer, and the Plaintiff filed opposition (doc. # 19) to the Defendant's motion to file a late answer. However, the Defendant did not file a motion for relief from stay or abstention, or a supplement to his motion for entry of default. Consequently, the Court found that the Plaintiff had abandoned his requests for relief from stay and abstention – to the extent he sought them on the record at the April 17th hearing. Since the case law in the Second Circuit is clear that "defaults are generally disfavored," matters should be resolved on their merits rather than by procedural mandates whenever possible, and courts may consider "whether the entry of default would bring about a harsh or unfair result," see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), on June 18, 2012, the Court entered an Order granting the Defendant's motion for leave to file a late answer and denying the Plaintiff's application for entry of default (doc. # 20).

On July 6, 2012, the Defendant filed a motion for summary judgment on the § 523(a)(5) and (15) causes of action, accompanied by a statement of undisputed material facts (doc. # 25). The Vermont Local Rules of Bankruptcy Procedure clearly articulate the procedure for motions for summary judgment and in particular the requirement to respond to statements of undisputed material facts:

    **(a)**    **Summary Judgment Motions.**
        (1)    **Statement of Undisputed Facts.** In addition to the requirements of Vt.
            LBR 7056-2, a party moving for summary judgment shall file a separate,

short, and concise statement of undisputed material facts with the motion
for summary judgment. The movant's failure to submit this statement
shall constitute grounds for denial of the motion.

(2)   **Opposition; Statement of Disputed Facts.**  A party opposing a motion
for summary judgment must file written opposition no more than 21 days
after the motion is served.  A separate, short, and concise statement of
disputed material facts and a memorandum of law, in forms that are
responsive to the movant's statement and memorandum, must
accompany the opposition.

(3)   **Facts Admitted.**  <u>All material facts in the movant's statement of
undisputed facts are deemed to be admitted except to the extent
controverted by a statement of disputed material facts filed by the
opposing party</u>.

Vt. LBR 7056-1(a) (emphasis added).  Since the Defendant timely filed a statement of undisputed facts
("SOUF") and the Plaintiff failed to respond to that filing, the facts the Defendant set forth are deemed
admitted by the Plaintiff.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows there is no genuine issue as to any material fact
and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Fed. R. Bankr. P.
7056.  The moving party bears the burden of showing that no genuine issue of material fact exists.  See
Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  A genuine issue
exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the
nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v.
Catrett, 477 U.S. 317 (1986).  The substantive law identifies those facts that are material; only disputes
over facts that might affect the outcome of the suit under the governing law will properly preclude the
entry of summary judgment.  See Anderson, 477 U.S. at 248.  Factual disputes that are irrelevant or
unnecessary are not material.  Id.  In making its determination, the court's sole function is to determine
whether there is any material dispute of fact that requires a trial.  Id. at 249; see also Palmieri v. Lynch,
392 F.3d 73, 82 (2d Cir. 2004).  In determining whether there is a genuine issue of material fact, a court
must resolve all ambiguities, and draw all inferences, against the moving party.  See Beth Israel Med. Ctr.
v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).  If the
nonmoving party does not come forward with specific facts to establish an essential element of that party's
claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment.  See
Celotex Corp., 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to
isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be
discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to

3

support the nonmoving party's case"); see also Tufariello v. Long Island R.R. Co., 458 F.3d 80, 85 (2d

Cir. 2006).

The Court finds there are no material facts in dispute and therefore that summary judgment is

proper.

#### UNDISPUTED MATERIAL FACTS

Since the Plaintiff has not responded to the statement of facts that the Defendant has alleged to be

material and undisputed (doc. # 25-1), they are deemed admitted pursuant to Vt. LBR 7056-1(a).  The

Court finds the following undisputed facts to be material for purposes of adjudicating the instant motion

for summary judgment:

1.  The parties had a final uncontested hearing for divorce on June 30, 2008 (SOUF ¶ 1).

2.  The Final Order and Decree of Divorce was signed and filed on June 30, 2008 (SOUF ¶ 2; see also
    Final Order and Decree of Divorce, attached to SOUF as Ex. A).

3.  The parties signed a Final Stipulation on May 28, 2008 (SOUF ¶ 3; see also Final Stipulation, attached
    to SOUF as Ex. C).

4.  The Final Order and Decree of Divorce specifically incorporates the terms of the Final Stipulation
    (SOUF ¶ 4; see also Ex. A to SOUF, ¶ 2).

5.  The Final Stipulation states that the parties had divided all of their personal property to their mutual
    satisfaction (SOUF ¶ 5; see also Ex. C to SOUF, ¶ 3).

6.  The Final Stipulation states that the real property be the sole property of the Defendant (SOUF ¶ 6; see
    also Ex. C to SOUF, ¶ 5).

7.  The Final Stipulation states that the parties had no marital debt (SOUF ¶ 7; see also Ex. B to SOUF, ¶
    6).

8.  The Final Stipulation states that neither party would be responsible for maintenance or support (SOUF
    ¶ 8; see also Ex. C to SOUF, ¶ 7).

9.  The Final Stipulation states that the Plaintiff would drop all small claims court actions in relation to
    the mechanic's lien he asserted against the Defendant (SOUF ¶ 9; see also Ex. C to SOUF, second ¶
    following signatures).

10. Neither party moved for relief of any kind from the Divorce Decree (SOUF ¶ 10).

11. Neither party appealed the Divorce Decree decision (SOUF ¶ 11).

12. The Plaintiff filed a suit for enforcement of the mechanic's lien and breach of contract in February
    2009 (SOUF ¶ 12).

13. The Plaintiff amended his complaint to include counts for tortious interference, libel, and slander
(SOUF ¶ 13).

14. During the uncontested hearing for divorce on June 30, 2010, the Defendant's counsel requested that
the Plaintiff remove the lien he had placed on her property (SOUF ¶ 14; <u>see also</u> Transcript attached as
Ex. B to SOUF, p. 12).

15. During the hearing, the Plaintiff informed the Court that he did not agree to remove the lien (SOUF ¶
15; <u>see also</u> Ex. B to SOUF, p. 13).

16. During the hearing, the Plaintiff claimed that the provision requiring him to remove the lien was not in
the document he signed (SOUF ¶ 16; <u>see also</u> Ex. B to SOUF, p. 14).

17. When pressed during the hearing, the Plaintiff said that he was not asserting that the language wasn't
in there, but that he was "under a lot of pressure" (SOUF ¶ 17; <u>see also</u> Ex. B to SOUF, p. 16).

18. The Plaintiff agreed to go forward with the divorce at the hearing (SOUF ¶ 18; <u>see also</u> Ex. B to
SOUF, pp. 14–17).

19. There has been no order with respect to the asserted mechanic's lien, from any other court of record,
from the date of the Final Decree to the date of the bankruptcy filing (SOUF ¶ 19).

**DISCUSSION**

> The general purpose of the bankruptcy code is 'to provide the bankrupt with
> comprehensive, much needed relief from the burden of his indebtedness by releasing
> him from virtually all his debts.'  While the code therefore reflects a strong public
> policy of providing debtors with fresh starts, congress has also determined that
> certain competing public policy interests shall take precedence.  These competing
> concerns are reflected in the exceptions that congress has enacted to the general rule
> that debts are dischargeable in bankruptcy.

<u>Forsdick v. Turgeon</u>, 812 F.2d 801, 802 (2d Cir 1987) (citations omitted).  Plaintiff seeks to diminish the

Debtor's fresh start by having certain debts excepted from the Debtor's discharge under §§ 523(a)(5) and

(15) of the Bankruptcy Code.  Those subsections provide as follows:

> (a)     A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title
>         does not discharge an individual debtor from any debt–
>
> . . .
>
>> (5)     for a <u>domestic support</u> obligation;
>>
>> . . .
>>
>> (15)    to a spouse, former spouse, or child of the debtor and not of the kind
>>         described in paragraph (5) that is <u>incurred by the debtor in the course of a
>>         divorce or separation or in connection with a separation agreement,
>>         divorce decree or other order of a court of record</u>, or a determination made
>>         in accordance with State or territorial law by a governmental unit . . ..

5

11 U.S.C. §§ 523(a)(5), (15) (emphasis added). The Bankruptcy Code defines a "domestic support

obligation" as:

> (14A)  . . . a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>
> (A)     owed to or recoverable by–
>
>> (i)       a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>
>> (ii)      a government unit;
>
> (B)     in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C)     established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>
>> (i)       a separation agreement, divorce decree, or property settlement agreement;
>>
>> (ii)      an order of a court of record; or
>>
>> (iii)     a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D)     not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added).

Bankruptcy Code §§ 523(a)(5) and 523(a)(15) address debts which arise in the context of a divorce

or marital separation. In order for the Plaintiff to prevail under either of these subsections of the

Bankruptcy Code, he must establish that (1) he is the spouse or former spouse of the Defendant, (2) his

debt arose in a separation agreement, divorce decree, property settlement agreement or order of a court of

record, and (3) his debt constitutes a domestic support obligation. Cf. Pauley v. Spong (In re Spong), 661

F.2d 6 (2d Cir. 1981). If he establishes these three criteria, then the Court must ascertain if the debt is

"actually in the nature of support" to determine if the debt is eligible to be excepted from the Debtor's

discharge under § 523(a)(5) or (a)(15).

Here, there is no dispute that the Debtor is the former spouse of the Plaintiff, the parties are

divorced, and a divorce decree was entered adjudicating their rights vis-à-vis both property and debts. See

Ex. A and C to SOUF. The Plaintiff claims that the Defendant owes the debt as his former spouse.

Therefore, the Court finds the first criterion is established.

However, the Plaintiff has not established the second criterion.  It is undisputed that the divorce decree specifies there was no debt between the spouses.  The Final Stipulation states that the parties had no marital debt.  See Undisputed Material Facts ¶ 7, supra.  The Final Stipulation states that neither party would be responsible for maintenance or support.  See Undisputed Material Facts ¶ 8, supra.  And, the Final Stipulation states that the Plaintiff would drop all small claims court actions in relation to the mechanic's lien he asserted against the Defendant.  See Undisputed Material Facts ¶ 9, supra.  Based upon these undisputed facts, the Court finds that the Debtor did not owe any debt to the Plaintiff by virtue of the divorce.[1]  Without such a debt, the Plaintiff cannot prevail on his claims.  See 11 U.S.C. § 523(a) ("A discharge . . . does not discharge an individual debtor from any debt) (emphasis added).

Since the Court finds that the Plaintiff has failed to establish that the Defendant owes him any debt that arose in the divorce, the Court need not address whether the debt claimed by the Plaintiff is a domestic support obligation, or is actually in the nature of support.

## CONCLUSION

For the reasons set forth above, the Court finds that there are no material facts in dispute, summary judgment is proper, and the Defendant is entitled to judgment as a matter of law under §§ 523(a)(5) and (a)(15), the only remaining causes of action in this adversary proceeding.  Therefore, the Defendant's motion for summary judgment is granted and the Plaintiff's prayer for relief on all causes of action in the complaint is denied *in toto*.

September 10, 2012                                                    Colleen A. Brown
Burlington, Vermont                                              United States Bankruptcy Judge

---

[1] The record is less clear as to whether, when, and how the Plaintiff intended to pursue his claims under the mechanic's lien; however, it was unequivocally outside the scope of the divorce.  See Ex. B to SOUF, pp. 14–17.